USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA             :

      - against -                   :

OSCAR DOMINGUEZ,                     :

            Defendant.         :

- - - - - - - - - - - - - - - - - -x

**MEMORANDUM DECISION**

09 Civ. 5661 (DC)

**APPEARANCES:**   OSCAR DOMINGUEZ
                Defendant Pro Se
                Register Number 20121-112
                Federal Prison Camp G-Unit
                P.O. Box 1000
                Cumberland, MD   21501

                LEV L. DASSIN, ESQ.
                Acting United States Attorney for the
                    Southern District of New York
                By:  Jeffrey A. Brown, Esq.
                      Assistant United States Attorney
                One St. Andrew's Plaza
                New York, NY   10007

**CHIN, District Judge**

        On April 11, 2008, defendant Oscar Dominguez pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine. On December 17, 2008, I sentenced Dominguez principally to 121 months' imprisonment. Dominguez, acting pro se, now moves pursuant to Federal Rule of Criminal Procedure 41(g) for the return of his property. Dominguez alleges the property was taken from him at the time of his arrest and not returned. By letter dated April 2, 2009, the Government opposed the motion and asked that the request be dismissed. For the following reasons, Dominguez's request is dismissed.

**BACKGROUND**

A.  **Facts**

Plaintiff alleges that at the time of his arrest the following property was taken from him and not returned: (1) a "Raymond Weil" watch; (2) two $100 bills; (3) three credit cards; and (4) his wallet containing his Social Security card and "various other documents." (Pl. June 3, 2009 Letter).

After Dominguez's sentencing, Avrom Robin, Esq. -- Dominguez's appointed counsel -- informally requested the return of Dominguez's property from the Government.[1] Assistant United States Attorney Jeffrey Brown returned Dominguez's passport to Robin. NYPD Detective John Barry, who arrested Dominguez, reviewed the paperwork related to the arrest and searched for any property belonging to Dominguez, including personal property placed in evidence. Detective Barry located a Maryland driver's license and a Dominican identification card. The paperwork did not reference any other property belonging to Dominguez.

On January 27, 2009, Detective Barry turned over the driver's license and identification card to a paralegal working for Robin. Robin had authorized -- in writing -- his paralegal to accept and sign for receipt of Dominguez's property. (Gov't Apr. 2, 2009 Letter Ex. B). The paralegal signed for the receipt of the two items. (Id.).

---

[1] The Court accepts the representations in the Government's April 2, 2009 letter as true.

After receiving Dominguez's March 3, 2009 pro se request for the return of property, Detective Barry again searched the case file and accompanying paperwork. The Government submits that no property belonging to Dominguez was found. The Government also represents that the paperwork completed at the time of Dominguez's arrest does not reflect the seizure of any property other than what has already been returned to him.

B.  **Procedural History**

On March 3, 2009, the Court received a letter from plaintiff requesting the return of his property. The Court construed the letter as a Rule 41(g) motion and directed the Government to respond by April 6, 2009. On April 2, 2009, the Government responded. By order dated May 21, 2009, the Court directed the Clerk of the Court to open this civil case, construing Dominguez's March 3, 2009 letter as a civil complaint and the Government's April 2, 2009 letter as a motion for summary judgment. Plaintiff was advised to submit any other materials -- affidavits, documents, or other evidence -- to the Court by June 19, 2009. By letter dated June 3, 2009, Dominguez responded to the Government's letter. He contends that he is missing the items referred to above, but he provides no evidence (such as a receipt) to show that these items were seized from him.

### DISCUSSION

A.  **Applicable Law**

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of

-3-

property may move for the property's return." Fed. R. Crim. P. 41(g). Once criminal proceedings have concluded, the Court must treat the motion as a civil complaint for equitable relief. Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir. 1992), overruled on other grounds by Polanco v. U.S. Drug Enforcement Admin., 158 F.3d 647 (2d Cir. 1998); see also Rufu v. United States, 20 F.3d 63, 65 (2d Cir. 1994). "Rule 41(g), which simply provides for the return of seized property, does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004). Thus, if property is not available for return "for whatever reason," the aggrieved party cannot move for a monetary award against the United States. Id.

When a party acts pro se, the Court is "obliged to construe his pleadings and papers liberally." Onwubiko, 969 F.2d at 1397. The Court must determine whether the pro se party can prove any "set of facts in support of his claim which would entitle him to relief." Id. at 1397 (internal quotations omitted).

B.  **Application**

The Government submits that it is not in possession of any property belonging to Dominguez. Further, the Government represents that the paperwork completed at the time of Dominguez's arrest shows that no property -- besides the two forms of identification already returned to Dominguez's counsel -- were taken from Dominguez. Dominguez has provided no evidence

that the watch, cash, credit cards, and social security card were actually taken from him. Attached to Dominguez's June 3, 2009 letter are a January 8, 2008 Bank of America credit card statement and a pamphlet listing the documents required for international travel. Neither document is evidence that Dominguez possessed the property he alleges was taken. Dominguez has not provided any receipt for the property he alleges was taken from him.

Even assuming that Dominguez's watch, cash, credits cards, and Social Security card were seized and subsequently lost, Dominguez cannot assert a claim for money damages against the United States. Such a claim is barred under the doctrine of sovereign immunity.

## CONCLUSION

For the foregoing reasons, Dominguez's Rule 41(g) motion for the return of his property is denied in its entirety. The only items seized from Dominguez at the time of his arrest were returned to his attorney. If he has not already done so, Robin is hereby ordered to return Dominguez's passport, driver's license, and Dominican identification card to him. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

Dated:   New York, New York
         July 27, 2009

DENNY CHIN
United States District Judge

-5-